UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| **BIRCHWOOD LABORATORIES, INC.,**<br><br>          Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>**BATTENFELD TECHNOLOGIES, INC.,**<br><br>          Defendant and Counterclaim-Plaintiff. | No. 0:09-cv-03555-MJD (JJK)<br><br>**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSE AND COUNTERCLAIM FOR PATENT INFRINGEMENT**<br><br>By Defendant Battenfeld Technologies, Inc.<br><br>**JURY TRIAL DEMANDED** |

Defendant Battenfeld Technologies, Inc. ("Battenfeld"), by its undersigned attorneys, answers and responds to the Complaint of Birchwood Laboratories, Inc. ("Birchwood") as follows:

### NATURE OF THE ACTION

1.       In response to paragraph 1 of the Complaint, Battenfeld admits that Birchwood purports to allege an action arising under the patent laws of the United States for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### PARTIES AND JURISDICTION

2.       Upon information and belief, Battenfeld admits the allegations of paragraph 2.

3.       Battenfeld admits the allegations of paragraph 3.

4. Battenfeld denies the allegations of paragraph 4.

5. In response to paragraph 5, Battenfeld denies that Midway USA is a related entity and denies that the activities of Midway USA are relevant to the personal jurisdiction of this Court over Battenfeld. Battenfeld neither admits nor denies allegations concerning the alleged activities of unrelated third party Midway USA in the state of Minnesota. Battenfeld admits the allegations of paragraph 5 as to the activities of Battenfeld. Battenfeld otherwise denies any remaining allegations of paragraph 5.

6. In response to paragraph 6, Battenfeld admits that venue for this litigation lies in this district pursuant to 28 U.S.C. § 1391(b) and (c). Battenfeld otherwise denies the allegations of paragraph 6.

7. In response to paragraph 7, upon information and belief, Battenfeld admits that Birchwood markets and sells products for the shooting sports industry. Battenfeld is without sufficient information to admit or deny whether Birchwood manufactures targets, and therefore denies on that basis.

8. In response to paragraph 8, upon information and belief, Battenfeld admits that Birchwood markets and sells Shoot-N-C® targets and Dirty Bird® targets. It is unclear what Birchwood means by use of the phrase "an ink layer above the paper substrate that explodes" and Battenfeld denies the allegations of the third sentence of paragraph 8 on that basis. Battenfeld is without sufficient information to admit or deny the remaining allegations of paragraph 8, and therefore denies on that basis.

9. In response to paragraph 9, Battenfeld admits that it markets and sells products for the shooting sports industry. Battenfeld otherwise denies the allegations of paragraph 9.

10. Battenfeld admits the allegations of paragraph 10 of the Complaint.

11. Paragraph 11 not present in the Complaint.

12. In response to paragraph 12, Battenfeld admits that it filed a patent application with the United States Patent and Trademark Office on January 26, 2006 ("Application"); and that on April 10, 2006, it filed a Petition to Make Special ("Petition") with the United States Patent and Trademark Office under 37 C.F.R. § 1.102(d). The Petition speaks for itself. Battenfeld denies the remaining allegations of paragraph 12.

13. In response to paragraph 13, Battenfeld states that the Petition speaks for itself. To the extent a response is required, Battenfeld denies the allegations of paragraph 13.

14. Battenfeld denies the allegations of paragraph 14.

15. In response to paragraph 15, Battenfeld admits that Birchwood and Battenfeld compete with respect to certain shooting sports products. It is unclear what Birchwood means by its use of the phrases "anticipated sales" and "directly compete

with" and Battenfeld denies the allegations of the second sentence of paragraph 15 on that basis. Battenfeld otherwise denies the allegations of paragraph 15.

16. Paragraph 16 states a legal conclusion for which no answer is required. To the extent an answer is required, Battenfeld denies that, as of the date that the Complaint was filed, a case of actual controversy existed between Birchwood and Battenfeld.

## COUNT I

### DECLARATORY JUDGMENT OF NO INFRINGEMENT OF THE '877 PATENT

17. Battenfeld incorporates its foregoing responses to paragraphs 1-16 as if fully set forth herein.

18. In response to paragraph 18, Battenfeld denies that, as of the date that the Complaint was filed, it had alleged that Birchwood's Shoot-N-C® targets and Dirty Bird® targets infringe the claims of the '877 patent.

19. Battenfeld denies the allegations of paragraph 19.

20. Battenfeld denies the allegations of paragraph 20.

## COUNT II

### DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '877 PATENT

21. Battenfeld incorporates its foregoing responses to paragraphs 1-20 as if fully set forth herein.

4

22. Battenfeld denies the allegations of paragraph 22.

23. Battenfeld denies the allegations of paragraph 23.

## COUNT III

### DECLARATORY JUDGMENT OF
### UNENFORCEABILITY OF THE '877 PATENT

24. Battenfeld incorporates its foregoing responses to paragraphs 1-23 as if fully set forth herein.

25. Battenfeld denies the allegations of paragraph 25.

26. Battenfeld denies that Birchwood is entitled to any of the relief that it seeks.

27. Battenfeld denies each and every allegation of the Complaint not specifically denied herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Count III of Birchwood's Complaint fails to state a claim upon which relief can be granted.

# COUNTERCLAIM

## PARTIES

For its counterclaims against Birchwood Laboratories, Inc. ("Birchwood," or "Counterclaim-Defendant"), Battenfeld Technologies, Inc. ("Battenfeld," or "Counterclaim-Plaintiff"), on personal knowledge as to its own activities and on information and belief as to the activities of others, alleges as follows:

1. Battenfeld is a corporation organized and existing under the laws of the State of Missouri, having its principal place of business at 5885 W. Van Horn Tavern Rd., Columbia, MO 65203. Battenfeld is in the business of designing, inventing, marketing and selling products for use in the sport-shooting industry. Battenfeld has invested significant resources in developing, marketing and selling technologies related to sport shooting and has obtained, and continues to obtain, patents covering these technologies.

2. Upon information and belief, Counterclaim-Defendant Birchwood is a corporation organized and existing under the laws of the State of Minnesota, having a principal place of business at 7900 Fuller Road, Eden Prairie, MN 55344. On information and belief, Birchwood is in the business of manufacturing, selling or offering for sale products for use in the sport-shooting industry, either on its own or through its agents.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this counterclaim under 28 U.S.C. §§ 1331 and 1338, as this claim arises under the patent laws of the United States.

4. Venue for Battenfeld's counterclaim is proper in this District under 28 U.S.C. § 1391(b) and (c) because Birchwood is headquartered in and resides in this judicial district.

5. Counterclaim-Defendant Birchwood is subject to personal jurisdiction in this District because, among other things Birchwood is headquartered in and markets and sells products within this state.

## COUNTERCLAIM: INFRINGEMENT OF U.S. PATENT NO. 7,631,877

6. Battenfeld repeats and re-alleges the allegations of paragraphs 1 through 5 of the counterclaim as if fully set forth herein.

7. Battenfeld is the sole owner and assignee of U.S. Patent No. 7,631,877, titled *Firearm Targets and Methods for Manufacturing Firearm Targets*, which was duly and legally issued on December 15, 2009 ("the '877 patent"). A copy of the '877 patent is attached hereto as Exhibit A.

8. Birchwood has infringed and continues to infringe the '877 patent, in violation of 35 U.S.C. § 271, by making, using, selling and/or offering for sale firearm targets in the United States that are covered by one or more claims of the '877 patent, and by contributing to and actively inducing others to infringe this patent in the United States.

9. On information and belief, Birchwood has infringed the '877 patent at least by making, using, selling and/or offering for sale in the United States a firearm target called the Shoot-N-C®.

10. Birchwood's infringing activities have been, and are, without express or implied license from Battenfeld.

11. Birchwood continues to infringe the '877 patent and, unless enjoined by this Court, will continue to infringe the '877 patent.

12. Battenfeld has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Thus, Battenfeld is entitled to temporary, preliminary and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

13. Because of Birchwood's infringement of the '877 patent, Battenfeld has been and will be damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that will be determined at trial.

14. On information and belief, Birchwood has not obtained a written opinion of counsel relating to infringement of the '877 patent.

15. On information and belief, Birchwood has not obtained a written opinion of counsel relating to validity of the '877 patent.

16. On information and belief, Birchwood has not obtained a written opinion of counsel relating to enforceability of the '877 patent.

17. Battenfeld is informed and believes and on that basis alleges that Birchwood's past and continuing infringements of the '877 patent have been deliberate and willful, and that this case is therefore an exceptional case which warrants an award of treble damages and attorneys' fees to Battenfeld in accordance with 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefore, Battenfeld requests that the Court enter judgment in its favor and against Birchwood on its Counterclaim as follows:

a. Declaring that the '877 patent is enforceable and not invalid, and that Birchwood has infringed, contributed to infringement of and/or induced infringement of one or more claims of that patent;

b. Granting temporary, preliminary and permanent injunctive relief enjoining Birchwood and its officers, agents, employees, and all persons or entities in active

concert or participation with it, from further infringing, or contributing to and/or inducing the infringement of the '877 patent;

      c.      Awarding damages to Battenfeld adequate to compensate Battenfeld for Birchwood's acts of patent infringement, together with pre-judgment and post-judgment interest thereon, and an increase in the amount of damages to three times the amount found or assessed by this Court because of the willful and deliberate nature of Birchwood's acts, as provided by 35 U.S.C. § 284, in an amount that will be proved at trial;

      d.      Finding this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding Battenfeld's costs incurred in this action, together with its reasonable attorneys' fees; and

      e.      Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Counterclaim-plaintiff Battenfeld respectfully demands a trial by jury on all claims and issues so triable.

43010-0017/LEGAL18173946.1

| | |
|---|---|
| DATED:  May 10, 2010 | **DORSEY & WHITNEY LLP** |

                                              By  s/Paul Robbennolt
                                                  Paul J. Robbennolt
                                                  Robbennolt.Paul@dorsey.com
                                                  Suite 1500, 50 South Sixth Street
                                                  Minneapolis, MN  55402-1498
                                                  Telephone:  612.340.2864
                                                  Facsimile:  612.340.8856

                                              **PERKINS COIE LLP**

                                              Paul T. Fortino, OSB No. 832010
                                              PFortino@perkinscoie.com
                                              Scott D. Eads, OSB No. 910400
                                              SEads@perkinscoie.com
                                              Julia E. Markley, OSB No. 000791
                                              JMarkley@perkinscoie.com
                                              1120 N.W. Couch Street, Tenth Floor
                                              Portland, OR  97209-4128
                                              Telephone:  503.727.2000
                                              Facsimile:  503.727.2222

                                              Attorneys for Defendant and Counterclaim Plaintiff Battenfeld Technologies, Inc.